IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GRAHAM SCHIFF,

    Plaintiff,

v.

JEFFREY GETTY and CRAIG ROBINSON,

    Defendants.

Civil Action No.: JKB-24-1605

**MEMORANDUM AND ORDER**

Pro se Plaintiff Graham Schiff filed a Complaint together with a Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2.) Mr. Schiff will be required to show cause why his Complaint should not be dismissed for failure to state a claim. He will also be directed to supplement his Motion to Proceed in Forma Pauperis.

The Court concludes that dismissal is likely appropriate, given that the Complaint appears to fail to state a claim. A court can dismiss a complaint *sua sponte* for failure to state a claim. *Webb v. E.P.A.*, 914 F.2d 1493 (4th Cir. 1990). However, "district courts may only exercise their authority to *sua sponte* dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021).

Mr. Schiff's Complaint is deficient in several respects and is difficult to follow. Although Mr. Schiff asserts that his Sixth and Fourteenth Amendment rights have been violated, as well as his rights under 42 U.S.C. § 1985, he does not provide a sufficient factual predicate to support that assertion. While he does editorialize about Alleghany County, Defendant Getty's family, and

Defendant Robinson's high school football career, he provides virtually no factual support for his asserted legal claims. As best this Court can discern, Mr. Schiff appears to state that Defendant Craig Robinson, the Sheriff in Alleghany County, conspired with Defendant Judge Jeffrey Getty by "forcing him not to serve" a "witness-subpoena on J. Getty." (ECF No. 1 at 5.) Mr. Schiff does not provide any context for that assertion. He does not explain what the subpoena was for, nor does he provide any information about the actions (or inactions) of the named Defendants. Mr. Schiff simply concludes, without factual support, that "Getty and Robinson conspired to have Robinson fail to serve the witness subpoena." (*Id.* at 6.) He summarily concludes that this action violated his federal rights.

Mr. Schiff has not satisfied the basic pleading requirements outlined in the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. P. 10(a). Mr. Schiff has failed to satisfy these requirements.

Further, under Rule 8(a), a pleading which sets forth a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged


in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95, 130 S.Ct. 1181, 1194 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Given that the Court cannot discern any federal claims, it is unclear whether jurisdiction is proper in this Court.

Thus, for the foregoing reasons, the Court will direct Mr. Schiff to show cause why his Complaint should not be dismissed. He is forewarned that his failure to show cause will result in the dismissal of his case.

In addition, Mr. Schiff used a form Motion to Proceed in Forma Pauperis to seek waiver of the filing fee in this case (ECF No. 2), but he barely completed the form and included insufficient financial information to enable the Court to rule on the motion. Mr. Schiff lists "N/A" in virtually every blank on the form. *Id.* He states he has $150.00 in "gifts," and $67.00 in a checking account. (*Id.* at 1–2.) He states that he owes the State of Maryland $2,300.00 but does not provide any further detail. (*Id.* at 2.) Other than those brief details, he provides no information about his income, his expenses, or how he supports himself. (*Id.*)

In the absence of sufficient financial information, the Court cannot rule on the motion. Recognizing that Schiff proceeds pro se, he will be afforded an opportunity to either pay the full

filing fee,[1] or to supplement his Motion to Proceed in Forma Pauperis with additional detail regarding his financial situation.

Accordingly, it is ORDERED that:

1. Mr. Schiff is DIRECTED to SHOW CAUSE within 28 days of the date of this Order why his Complaint should not be dismissed;

2. Mr. Schiff is DIRECTED to supplement his Motion to Proceed in Forma Pauperis within 28 days of the date of this Order;

3. Mr. Schiff IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of this case without further notice; and

4. The Clerk IS DIRECTED to MAIL a copy of this Order to Mr. Schiff.

Dated this **24** day of June, 2024.

FOR THE COURT:

*James K. Bredar*
James K. Bredar
United States District Judge

---

[1] If Mr. Schiff elects to pay the full filing fee, it will be $405.00.